THEODORA R. LEE, Bar No. 129892
tlee@littler.com
DOMINIQUE N. THOMAS, Bar No. 231464
dnthomas@littler.com
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, California  94597
Telephone:    925.932.2468
Fax No.:    925.946.9809

Attorneys for Defendant
INDIAN HEAD INDUSTRIES, INC. DBA MGM
BRAKES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK RICHARDSON, on behalf of himself and all "aggrieved employees" pursuant to Labor Code § 2698 et seq., | Case No. |
| | State Court Case No. SCV-269965 |
| Plaintiff, | **NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT INDIAN HEAD INDUSTRIES, INC. DBA MGM BRAKES PURSUANT TO 29 U.S.C. § 185 (LMRA PREEMPTION) AND 28 U.S.C. U.S.C. § 1441(a) (FEDERAL QUESTION)** |
| v. | |
| INDIAN HEAD INDUSTRIES, INC., a Delaware corporation, d/b/a MGM BRAKES, | |
| Defendant. | Complaint Filed: January 6, 2022 |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant Indian Head Industries, Inc. dba MGM Brakes hereby does remove the above-entitled action from the Superior Court of the State of California for the County of Sonoma to the United States District Court for the Northern District of California. This Court has subject matter jurisdiction over Plaintiff's lawsuit.

As explained by the Ninth Circuit Court of Appeals in *Curtis et al. v. Irwin Industries*, *Inc.*, 913 F.3d 1146, 1149-1150 (2019), Plaintiff's "claim for overtime pay is preempted under § 301 of the

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL COURT
BY DEFENDANT INDIAN HEAD INDUSTRIES,
INC. DBA MGM BRAKES

1

Labor Management Relations Act (LMRA), 29 U.S.C. § 185, because California overtime law does not apply to an employee working under a qualifying collective bargaining agreement, Cal. Lab. Code § 514, and [Plaintiff] worked under such an agreement." As made clear in *Curtis*, "[b]ecause [Plaintiff's] right to overtime exists solely as a result of the CBA, his claim that [Defendant] violated overtime requirements . . . is preempted under § 301." *Id.* at 1155 (internal citation omitted).

Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and (c), as set forth more fully below:

## **BACKGROUND**

1.      This case arises from plaintiff Patrick Richardson's ("Plaintiff") employment with Indian Head Industries, Inc. dba MGM Brakes ("MGM Brakes" or "Defendant"). MGM Brakes employed Defendant from May 2019 to July 2021. Declaration of Susie Koral ("Koral Decl.") ¶ 2.

2.      During Plaintiff's employment with MGM Brakes, Plaintiff was a member of the International Association of Machinists AFL-CIO, Local Lodge 1596. *Id.* ¶ 3, Ex. A. As a member of this union, the terms and conditions of Plaintiff's work was subject to a collective bargaining agreement. *Id.* The current version of the collective bargaining agreement ("CBA") became effective on April 1, 2020 and remains in effect. *Id.* ¶ 4, Ex. B. This CBA expressly provides for the wages, hours of work, and working conditions of MGM's nonexempt, union employees. *Id.*, Ex. B at 17-20 (hours), 13-16, 22-26 (working conditions), and 17, 29-30 (wages). It further expressly provides for final and binding arbitration of disputes concerning "wages, hours of work, or working conditions." *Id.*, Ex. B at 5-7. The agreement also provides premium wage rates for all overtime hours worked, reporting time pay, and a regular hourly rate of pay for union employees. *Id.*, Ex. B at 18-20 (overtime provisions), 18-19 (reporting time pay) and 29-30 (wage tables).

3.      On or about January 6, 2022, Plaintiff filed a complaint against MGM Brakes in the Superior Court of the State of California, County of Sonoma, Case No. SCV-269965 (the "Complaint"). Plaintiff's Complaint purports to assert a claim for civil penalties pursuant to the Private Attorneys General Act ("PAGA") on behalf of himself and allegedly aggrieved employees. Plaintiff's PAGA claim is premised upon various alleged violations of the Labor Code, including alleged

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL COURT BY
DEFENDANT INDIAN HEAD INDUSTRIES, INC. DBA
MGM BRAKES

2

1  violations of overtime and minimum wage laws, as well as untimely wages. A true and correct copy

2  of the Complaint is attached hereto as **Exhibit A**.

3         4.      On January 10, 2022, MGM Brakes was served with Plaintiff's Complaint.

4  Koral Decl. ¶ 5.  A true and correct copy of the Proof of Service is attached hereto as **Exhibit B**.

5         5.      On February 7, 2022, MGM Brakes filed its answer to Plaintiff's Complaint.

6  Pursuant to its fifty-ninth affirmative defense, MGM Brakes asserted that Plaintiff's claim is

7  preempted by the Labor Management Relations Act. A true and correct copy of the Answer is attached

8  hereto as **Exhibit C**.

9                    **TIMELINESS OF REMOVAL**

10        6.      This Notice of Removal is timely as it is being filed within 30 days of the first

11  receipt by a defendant of a copy of an "order or other paper" (in this case, the Complaint) from which

12  it was first ascertained the case had become removable. 28 U.S.C. § 1446(b)(3).

13               **FEDERAL QUESTION JURISDICTION**

14        7.      Plaintiff's PAGA claim is preempted by 29 U.S.C. § 185 (i.e., § 301 of the

15  LMRA) and, thus, this case may be removed pursuant to 28 U.S.C. § 1441(a). *See Curtis,* 913 F.3d at

16  1152 ("Although normally federal preemption is a defense that does not authorize removal to federal

17  court, § 301 has such extraordinary preemptive power that it converts an ordinary state common law

18  complaint into one stating a federal claim for purposes of the well pleaded complaint rule. In other

19  words, a civil complaint raising claims preempted by § 301 raises a federal question that can be

20  removed to federal court.") (internal citation omitted).

21        8.      Plaintiff's PAGA claim is premised on an alleged violation of California Labor

22  Code section 510. *See* Ex. A ¶¶ 2, 12. Defendant's alleged failure to pay overtime under Labor Code

23  section 510 is preempted by Section 301 because the Court is required to interpret the CBA's overtime

24  provisions. *Curtis,* 913 F.3d at 1154 (finding plaintiff's right to overtime "exists solely as a result of

25  the CBA," and therefore is preempted under § 301).

26        9.      Plaintiff's PAGA claim is also premised on an alleged violation of California's

27  Industrial Wage Order 4-2001, section 5 governing reporting time pay. *See* Ex. A. ¶ 2(d). Defendant's

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL COURT BY
DEFENDANT INDIAN HEAD INDUSTRIES, INC. DBA
MGM BRAKES

3

1  alleged failure to pay reporting time pay pursuant to this Wage Order is preempted by Section 301

2  because the Court is required to interpret the CBA's reporting time pay provisions. *See Curtis,* 913

3  F.3d at 1154

4         10.    Accordingly, because Plaintiff's PAGA claim is substantially dependent upon

5  the interpretation of the CBA's terms and provisions, the PAGA claim is preempted by Section 301

6  of the LMRA and this Court has federal question jurisdiction over Plaintiff's PAGA claim. *See Curtis,*

7  913 F.3d at 1154; *Linebarger v. Graphic Packaging Int'l, LLC*, No. SACV-20-00309-JVS-JDEx, 2020

8  WL 1934958, at *5 (C.D. Cal. Apr. 22, 2020) (finding PAGA claims are within a federal court's

9  original jurisdiction when the underlying labor claims on which the PAGA claims rely are preempted

10  under the LMRA); *Martinez v. Omni Hotels Mgmt. Corp*., No. 20-CV-1924-MMA (BLM), 2021 WL

11  196509, at *4 (S.D. Cal. Jan. 20, 2021) (same); *Franco v. E-3 Sys*., No. 19-CV-01453-HSG, 2019 WL

12  6358947, at *4 (N.D. Cal. Nov. 8, 2019) (same).

13  **SUPPLEMENTAL JURISDICTION**

14         11.    Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over

15  Plaintiff's remaining PAGA claim allegations, to the extent they are not completely preempted by

16  Section 301 because the alleged Labor Code violations relate to, and are derivative of, the same

17  employment relationship between MGM Brakes and Plaintiff, as well as the allegedly aggrieved

18  employees. The remaining allegations are predicated on and related to Plaintiff's claim for

19  Defendant's alleged failure to pay overtime and reporting time pay, which is preempted pursuant to

20  29 U.S.C. § 185. Thus, Plaintiff's remaining PAGA allegations are so related to the preempted federal

21  claim, so as to form part of the same case or controversy under Article III of the United States

22  Constitution. As such, supplemental jurisdiction is appropriate.

23  **VENUE**

24         12.    Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 1441,

25  1446(a), and 84(b). This action originally was brought in the Superior Court of the State of California,

26  County of Sonoma.

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL COURT BY
DEFENDANT INDIAN HEAD INDUSTRIES, INC. DBA
MGM BRAKES

4

1

## NOTICE OF REMOVAL

2    13.    This Notice of Removal will be promptly served on Plaintiff and filed with the

3    Clerk of the Superior Court of the State of California for the County of Sonoma.

4    14.    In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process,

5    pleadings, and orders" from the state court action served on Defendant or filed by Defendant are

6    attached hereto as the following exhibits, including: the Complaint, summons, civil case cover sheet,

7    and the order assigning the action to the Honorable Jennifer V. Dollard (Exhibit A); the Proof of

8    Service of the Summons and Complaint to Defendant Indian Head Industries, Inc. dba MGM Brakes

9    (Exhibit B); and Defendant's Answer to the Complaint (Exhibit C).

10

11    WHEREFORE, Defendant requests that the above action pending before the Superior

12    Court of the State of California for the County of Sonoma be removed to the United States District

13    Court for the Northern District of California.

14

15

16

17

18

19

20    Dated: February 9, 2022                    LITTLER MENDELSON, P.C.

21

22                                              /s/ Dominique N. Thomas
                                                THEODORA R. LEE
23                                              DOMINIQUE N. THOMAS

24                                              Attorneys for Defendant
                                                INDIAN HEAD INDUSTRIES, INC.
25                                              DBA MGM BRAKES

26    4879-2198-3756.1 / 114351-1001

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL COURT BY
DEFENDANT INDIAN HEAD INDUSTRIES, INC. DBA
MGM BRAKES

5

EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** INDIAN HEAD INDUSTRIES, INC., a
*(AVISO AL DEMANDADO):* Delaware corporation, d/b/a MGM
BRAKES, and DOES 1 through 10, inclusive

**ELECTRONICALLY FILED**
**Superior Court of California**
**County of Sonoma**
**1/6/2022 9:43 AM**
**Arlene D. Junior, Clerk of the Court**
**By: Melisa Kennedy, Deputy Clerk**

**YOU ARE BEING SUED BY PLAINTIFF:** PATRICK RICHARDSON, on
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of himself and
all "aggrieved employees" pursuant to Labor Code § 2698
et seq.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Sonoma<br>600 Administration Drive<br>Santa Rosa, California  95403 | CASE NUMBER:<br>*(Número del Caso):*<br><br>SCV-269965 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Alex P. Katofsky, Esq., SBN: 202754
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gaines & Gaines, APLC
27200 Agoura Road, Suite 101, Calabasas, CA 91301          818-703-8985

| DATE:<br>*(Fecha)*  1/6/2022 9:43 AM | **ARLENE D. JUNIOR** Clerk, by<br>*(Secretaria)* | *melisa kennedy* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

Melisa Kennedy

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010)).*

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **INDIAN HEAD INDUSTRIES, INC., a Delaware corporation, d/b/a MGM BRAKES**

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Alex P. Katofsky, Esq.    SBN: 202754
Gaines & Gaines, APLC
27200 Agoura Road, Suite 101, Calabasas, CA 91301
TELEPHONE NO.: 818-703-8985    FAX NO. (Optional): 818-703-8984
E-MAIL ADDRESS: alex@gaineslawfirm.com
ATTORNEY FOR (Name): Plaintiff, Patrick Richardson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
STREET ADDRESS: 600 Administration Drive
MAILING ADDRESS: 600 Administration Drive
CITY AND ZIP CODE: Santa Rosa, 95403
BRANCH NAME: Hall of Justice

CASE NAME: Richardson v. Indian Head Industries, Inc.

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California
County of Sonoma
1/6/2022 9:43 AM
Arlene D. Junior, Clerk of the Court
By: Melisa Kennedy, Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: SCV-269965 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) / [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): One (1)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: January 5, 2022

Alex P. Katofsky, Esq.
_____
(TYPE OR PRINT NAME)

▶ *Alex P. Katofsky*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET** | CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

DANIEL F. GAINES, ESQ. SBN 251488
daniel@gaineslawfirm.com
ALEX P. KATOFSKY, ESQ. SBN 202754
alex@gaineslawfirm.com
EVAN S. GAINES ESQ. SBN 287668
evan@gainleslawfirm.com
**GAINES & GAINES, APLC**
27200 Agoura Rd., Suite 101
Calabasas, CA 91301
Telephone: (818) 703-8985
Facsimile: (818) 703-8984

ELECTRONICALLY FILED
Superior Court of California
County of Sonoma
1/6/2022 9:43 AM
Arlene D. Junior, Clerk of the Court
By: Melisa Kennedy, Deputy Clerk

Attorneys for Plaintiff Patrick Richardson, on behalf of himself and all "aggrieved employees" pursuant to Labor Code § 2698 *et seq.*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SONOMA

| | |
|---|---|
| PATRICK RICHARDSON, on behalf of himself and all "aggrieved employees" pursuant to Labor Code § 2698 *et seq.*,<br><br>Plaintiff,<br><br>v.<br><br>INDIAN HEAD INDUSTRIES, INC., a Delaware corporation, d/b/a MGM BRAKES, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO:   SCV-269965<br><br>**REPRESENTATIVE ACTION COMPLAINT FOR PENALTIES PURSUANT TO LABOR CODE § 2699(f) FOR VIOLATIONS OF LABOR CODE §§ 201, 202, 226(a), 510, AND 1194, AND PURSUANT TO LABOR CODE § 2699(a) FOR VIOLATIONS OF LABOR CODE §§ 226.3 AND 558** |

REPRESENTATIVE ACTION COMPLAINT

Plaintiff PATRICK RICHARDSON ("Plaintiff"), on behalf of himself and others as an "aggrieved employee" under the Labor Code Private Attorneys General Act of 2004, complains of INDIAN HEAD INDUSTRIES, INC., a Delaware corporation, doing business as MGM BRAKES, and/or any subsidiaries or affiliated companies (hereinafter referred to as "Defendants"), as follows:

## I.

## INTRODUCTION AND FACTUAL BACKGROUND

1.     This is a Representative Action, pursuant to Labor Code § 2698 et seq., on behalf of Plaintiff and other California employees who currently work or formerly worked for Defendants ("Aggrieved Employees").

2.     For at least one (1) year prior to the filing of this action and at least one (1) year prior to the date Plaintiff began the process of exhausting the administrative requirements, pursuant to Labor Code § 2698 *et seq.*, and continuing to the present (the "liability period"), Defendants have had consistent policies of:

a.     Failing to pay non-exempt Aggrieved Employees all minimum and overtime wages earned during the course of employment, in violation of Labor Code §§ 510, 558, and 1194, when it rounded down the hours reflected on non-exempt Aggrieved Employees' time records to pay fewer hours than were actually worked.  On a weekly basis, this rounding deprived non-exempt Aggrieved Employees of significant hours worked.  These failures to pay all minimum and overtime wages due constitute violations of Labor Code §§ 510, 558, and 1194

b.     Failing to pay all minimum and overtime wages earned during the course of employment, in violation of Labor Code §§ 510, 558 and 1194, when Plaintiff and other non-exempt Aggrieved Employees worked off-the-clock; they were never paid for time preparing and submitting a mandatory COVID-19 questionnaire, which Defendants required daily. This practice deprived Plaintiff and other non-exempt Aggrieved Employees of significant hours worked and minimum and overtime wages due and constitutes a violation of Labor Code §§ 510, 558 and 1194;

c.     Failing to pay Plaintiff and other non-exempt Aggrieved Employees all wages due, in violation of Labor Code §§ 510, 558, and 1194 and IWC Wage Order 4-2001 because when they required Plaintiff and other non-exempt Aggrieved Employees to be on-call on the days they

REPRESENTATIVE ACTION COMPLAINT

1   were not scheduled to work and to stay home and remain available to work in the instance Defendants

2   told them they were needed. If they were not called in to work, Defendants would not compensate

3   them for any time worked that day, including time spent on-call. An employer is obligated to pay the

4   wages of an hourly employee for all time that the employee is under the control of the employer, and

5   this includes all the time the employee is suffered or permitted to work, whether or not required to do

6   so. When Plaintiff and other non-exempt Aggrieved Employees were on-call, they were under the

7   control of Defendants and required to be compensated for all hours worked. Defendants, however,

8   failed to do so, in violation of Labor Code §§ 510, 558, and 1194 and IWC Wage Order 4-2001,

9   section 5;

10          d.      Failing to pay all reporting time wages due, in violation of Labor Code §§ 510,

11  558, and 1194 and IWC Wage Order 4-2001, section 5. Plaintiff and other non-exempt Aggrieved

12  Employees would routinely report to work but told they were no longer needed and be sent home

13  within 2 hours of reporting to work. Defendants, however, failed to pay the required "half the usual

14  or scheduled day's work, but in no event . . . less than two (2) hours nor more than four (4) hours, at

15  the employee's regular rate of pay, which shall not be less than the minimum wage." This violates

16  Labor Code §§ 510, 558, 1194 and 1194.2 and IWC Wage Order 4-2001;

17          e.      Failing to provide Plaintiff and Aggrieved Employees with wage statements

18  that fully and accurately itemized the requirements set forth in Labor Code §§ 226(a) and 226.3.

19  Plaintiff and other non-exempt Aggrieved Employees were not paid all minimum and overtime

20  wages, as stated above.  As such, the wage statements provided by Defendants failed to accurately

21  state all gross wages earned, in violation of Labor Code §§ 226(a)(1) and 226.3, total hours worked,

22  in violation of Labor Code §§ 226(a)(2) and 226.3, net wages earned, in violation of Labor Code §§

23  226(a)(5) and 226.3, and all applicable hourly rates in effect during the pay period and the

24  corresponding numbers of hours worked at each rate, in violation of Labor Code §§ 226(a)(9) and

25  226.3. Furthermore, and independent of the above allegations, the wage statements issued to Plaintiff

26  and all other Aggrieved Employees failed to set forth the inclusive pay period dates, in violation of

27  Labor Code §§ 226(a)(6) and 226.3—they improperly omit the pay period start date. Also, the wage

28  statements issued to Plaintiff and non-exempt Aggrieved Employees failed to accurately set forth all

applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each rate, in violation of Labor Code §§ 226(a)(9) and 226.3; and

f.      Failing to pay Plaintiff and certain other non-exempt Aggrieved Employees all wages due at the separation of their employment based on the time frames required by Labor Code §§ 201 and 202. As stated above, Plaintiff and certain other non-exempt Aggrieved Employees were not paid all wages due during the course of their employment and, as a result of this failure, they were not timely paid all wages due at the separation of their employment. This violates Labor Code §§ 201-202 and is alleged on behalf of Plaintiff and certain other non-exempt Aggrieved Employees who have left their employment with Defendants.

3.      Plaintiff, on behalf of himself and all Aggrieved Employees pursuant to Labor Code § 2698 *et seq.*, seeks civil penalties for Defendants' violations of the California Labor Code.

4.      Venue is proper in this judicial district, pursuant to Code of Civil Procedure § 395. The Labor Code violations alleged against Defendants herein arose in Sonoma County, California.

## II.

## <u>PARTIES</u>

**A.    Plaintiff**

5.      Plaintiff PATRICK RICHARDSON was employed by Defendants from May 2019 through July 2021 as a non-exempt employee in Sonoma County, California.

**B.    Defendant**

6.      Defendant INDIAN HEAD INDUSTRIES, INC., a Delaware corporation, doing business as MGM BRAKES, and employed Plaintiff and Aggrieved Employees throughout the State of California, including Sonoma County, California.

7.      The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will

1    seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants

2    designated hereinafter as DOES when such identities become known.

3          8.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted

4    in all respects pertinent to this action as the agent of the other Defendant, carried out a joint scheme,

5    business plan or policy in all respects pertinent hereto, and the acts of each Defendant is legally

6    attributable to the other Defendants.

7          9.     The Defendants named herein as DOE 1 through DOE 10 are and were persons acting

8    on behalf of, or acting jointly with, Defendants, who violated, or caused to be violated, one or more

9    provisions of the California Labor Code as alleged herein.

10    **III.**

11    **CAUSES OF ACTION**

12    **FIRST CAUSE OF ACTION**

13    **PLAINTIFF AND ALL AGGRIEVED EMPLOYEES AGAINST ALL DEFENDANTS**

14    **PENALTIES PURSUANT TO LABOR CODE § 2699(f) FOR VIOLATIONS OF LABOR**

15    **CODE §§ 201, 202, 226(a), 510, AND 1194, AND PURSUANT TO LABOR CODE § 2699(a)**

16    **FOR VIOLATIONS OF LABOR CODE §§ 226.3 AND 558**

17         10.    Plaintiff incorporates paragraphs 1 through 9 of this Complaint as though fully set

18    forth herein.

19         11.    As a result of the acts alleged above, including the Labor Code violations set forth in

20    paragraph 2 above, Plaintiff seeks civil penalties pursuant to Labor Code §§ 2698 *et seq.*

21         12.    For each such violation, Plaintiff and all other Aggrieved Employees are entitled to

22    penalties and other relief in an amount to be shown at the time of trial subject to the following formula:

23              a.    Pursuant to Labor Code § 2699(f), $100 for each initial violation and $200 for

24                   each subsequent violation of Labor Code §§ 201, 202, 226(a), 510, and 1194;

25                   and

26              b.    Pursuant to Labor Code § 2699(f), the penalties as authorized by Labor Code

27                   §§ 226.3 and 558.

28

1      13.    Civil penalties recovered will be allocated 75% to the Labor and Workforce

2    Development Agency, and 25% to the affected employees.

3      14.    On October 29, 2021, Plaintiff sent a letter, by online submission to the LWDA and

4    by certified mail, return receipt requested, to Defendants setting forth the facts and theories of the

5    violations alleged against Defendant, as prescribed by Labor Code § 2698 *et seq.*  Pursuant to Labor

6    Code § 2699.3(a)(2)(A), no notice was received by Plaintiff from the LWDA within sixty-five (65)

7    calendar days of October 29, 2021.  Plaintiff may therefore commence this action to seek civil

8    penalties pursuant to Labor Code § 2698 *et seq.*

9          Wherefore, Plaintiff and the Aggrieved Employees he seeks to represent request relief as

10   described below.

**IV.**

**RELIEF REQUESTED**

13         WHEREFORE, Plaintiff prays for the following relief:

14      1.    For civil penalties pursuant to Labor Code § 2698 *et seq.* for Plaintiff and all other

15   Aggrieved Employees;

16      2.    An award providing for payment of costs of suit pursuant to Labor Code § 2699(g)(1)

17   and other applicable law;

18      3.    An award of attorneys' fees pursuant to Labor Code § 2699(g)(1) and other applicable

19   law; and

20      4.    Such other and further relief as this Court may deem just and proper.

21   Dated: January 5, 2022                    Respectfully submitted,

22                                             GAINES & GAINES
                                               A Professional Law Corporation
23

24
                                               By: *Daniel F. Gaines*
25                                                 DANIEL F. GAINES
                                                   EVAN S. GAINES
26                                                 Attorneys for Plaintiff

27

28

REPRESENTATIVE ACTION COMPLAINT

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA** <br> 600 ADMINISTRATION DRIVE, ROOM 107-J <br> SANTA ROSA, CALIFORNIA 95403-2878 | |
| PLAINTIFF/PETITIONER: <br><br> DEFENDANT/RESPONDENT: | |

| **ADR INFORMATION SHEET** <br> **[Sonoma County Superior Court Rules, Rule 16]** | CASE NUMBER: |
|---|---|
| (Check one):  ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)    ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | Date: <br> Time: <br> Location: <br> Assigned Judge: |

## NOTICE TO ALL PARTIES AND THEIR ATTORNEYS

The policy of the Sonoma County Superior Court is:

"The formal litigation of legal claims and disputes is expensive and time consuming. The overall results achieved by some or all of the parties are often unsatisfactory. There are many modern alternatives to formal court litigation which are less expensive, less time consuming, and more beneficial to the parties. It is therefore the firm policy and goal of this court to encourage the parties in all civil cases to explore and pursue private dispute resolution alternatives at the earliest possible date." (Local Rule 16.1.)

Although most (90-98%) cases do settle, many settlements come only after a considerable amount of time, money, and resources have been expended. Such expenditures, as well as the adversarial nature of litigation, can be a disincentive to settlement. The Sonoma County Superior Court encourages the use of Alternative Dispute Resolution (ADR) as early as possible after the parties become aware of a dispute.

Most ADR processes are voluntary and are paid for by the parties themselves, but ADR has proved in many cases to be faster, cheaper, and more effective than traditional litigation.

## ADVANTAGES OF ADR:

The filing of your complaint or answer may be just the beginning of the costs that you will incur during the course of your lawsuit. Lawsuits can be extremely costly. By utilizing ADR methods early in the course of your case, you may significantly reduce these costs by either resolving the case before expensive discovery and trial proceedings are commenced or by narrowing the scope of your discovery by identifying disputed and undisputed factual and legal issues.

ADR can be a fast, economical, efficient, and effective way to resolve civil cases, and most litigants report satisfaction with the process. ADR procedures can be scheduled at your convenience and can be completed in a fraction of the time required for traditional litigation. The cost of ADR will depend on the procedure and the provider you select, and the cost is typically less than litigation.

Most ADR processes are confidential but can result in enforceable agreements. Many ADR processes will give you an opportunity to test the strengths and weaknesses of your case without adverse impact in the event of a trial. Depending upon the method of ADR you select, it may be the last chance for you to control the outcome of your dispute before you place the decision in the hands of a judge or jury.

## METHODS OF ADR:

**A. MEDIATION:** Mediation is one of the most frequently used methods of ADR because it is informal, quick, convenient and confidential. In this process the parties select a neutral mediator who facilitates the identification of issues and areas of agreement and assists in finding a resolution or settlement of the dispute. Since mediation requires the agreement of the parties to resolve the matter, control of the proceedings and a determination of the settlement terms remains completely in the parties' hands. The mediator remains neutral and assists the parties in arriving at terms that are mutually agreeable.

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**B. ARBITRATION:** The parties jointly employ a neutral third party or a panel of neutrals to listen to both sides and render a decision. The parties are free to make the arbitrator's decision binding or non-binding. When non-binding, the arbitrator's decision serves as guide or influence upon the parties to bring them closer to settlement. If it is binding, the decision of the arbitrator will be final and generally avoids any further proceedings in the case. Non-binding judicial arbitration may be ordered in certain cases before trial.

**C. EARLY NEUTRAL EVALUATION:** A neutral evaluator is hired by the parties to give an evaluation of the case to help settle it. You or your attorney will be permitted to prepare a written statement, present critical witnesses or other evidence, argue your case to the evaluator, meet separately and confidentially with the evaluator, and utilize the evaluator to communicate any settlement offers to the opposing party.

**D. PRIVATE SETTLEMENT CONFERENCE:** A voluntary settlement conference is similar to early neutral evaluation in that the parties employ a neutral settlement officer who attempts to persuade the parties to accept a compromise position. It is a form of facilitated negotiation in which the settlement officer may express an opinion about the value of the case, the substantive merits of each party's position, and the probable outcome of the trial.

There are various other methods or combinations of methods of ADR, such as summary jury trial, mini-trial, special master and discovery referee. The court encourages the parties to be creative in selecting the process which has the best chance of resolving the case as quickly, effectively, and inexpensively as possible. You will have a chance to review your ADR options at the time of the Early Mediation and Case Management Conference.

**The undersigned party is willing to agree to any of the following forms of ADR at this time (for family law and probate actions only). Your selection will inform the other parties in the case of your current thoughts regarding the use of ADR. If all parties agree on a particular ADR method, you will be asked to file a stipulation on the court's form. The stipulation form (Sonoma County Superior Court form #MISC-101) can be found at the court's web site and is available at the court.)**

| | | |
|---|---|---|
| ☐ | Mediation | ☐ Early Neutral Evaluation |
| ☐ | Non-binding Private Arbitration | ☐ Binding Private Arbitration |
| ☐ | Voluntary Settlement Conference | ☐ Summary Jury Trial |
| ☐ | Other _____ | ☐ Judicial Arbitration |

I / We certify that I / We have read and understood (or have had explained to me / us) the foregoing.

Date: _____        _____
                                                                Signature of Party

Date: _____        _____
                                                                Signature of Party

Date: _____        _____
                                                                Signature of Attorney for Party
                                                    ☐ Additional signatures are attached

**NOTE: This form requires the signatures of the parties and their attorney. All parties must complete, file and serve this form in accordance with Sonoma County Superior Court Rules, Rule 16. See Rule 16.3 for specific filing and service instructions.**

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>**CIVIL DIVISION**<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>http://www.sonoma.courts.ca.gov<br><br>Richardson vs INDIAN HEAD INDUSTRIES, INC., a Delaware corporation | (FOR COURT USE ONLY)<br><br>**FILED**<br><br>**JAN 0 6 2022**<br><br>Clerk of Superior Court of California,<br>County of Sonoma<br>By_____<br>Deputy Clerk ___MV___ |
|---|---|
| **NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE,**<br>**and ORDER TO SHOW CAUSE** | Case number:<br><br>SCV-269965 |

## A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT AND WITH ANY CROSS-COMPLAINT

**1. THIS ACTION IS ASSIGNED TO HON. JENNIFER V DOLLARD FOR ALL PURPOSES.**
Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

**2. EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.**

A Case Management Conference has been set at the time and place indicated below:

| Date: Tuesday, 05/24/2022 | Time: 3:00 PM | Courtroom 18 |
|---|---|---|
| Location: 3055 Cleveland Avenue, Santa Rosa, CA 95403 | | |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.

5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6883 or by going to http://sonoma.courts.ca.gov/online-services/tentative-rulings.

## ORDER TO SHOW CAUSE

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with the requirements stated in the California Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there show cause why this court should not impose monetary and/or terminating sanctions in this matter.

Pursuant to California Rule of Court, rule 3.221(b), information and forms related to Alternative Dispute Resolution are available on the Court's website at http://www.sonoma.courts.ca.gov/self-help/adr.

## ELECTRONIC SERVICE OF DOCUMENTS

### Enabled by Local Rule 18.16

Voluntary e-service is available in Sonoma County. The Court has pre-approved a Stipulation for cases in which the attorneys or parties choose e-service. A copy of the Stipulation is available under the "Civil" section in the "Division" tab of the Court website: http://www.sonoma.courts.ca.gov. The advantages of e-service to the parties include:

| | |
|---|---|
| **SAVE MONEY** | Reduction in costs related to photocopying, retrieving, storing, messenger and postage fees. No special software is needed to use e-service |
| **SAVE TIME** | Instant service of your documents on all parties |
| **SAVE SPACE** | With 24/7 internet access to all documents, you do not need to house paper copies |
| **GAIN CERTAINTY** | Immediate confirmation of service for your records. Documents are not delayed in the mail or blocked by email spam blockers and firewalls |

To take advantage of e-service, select an e-service provider and file the signed Stipulation with the Court. Parties can then e-serve documents through the selected provider. Information about e-service providers is available at the website for the Sonoma County Bar Association: http://www.sonomacountybar.org. The Court does not endorse one provider over another.

**To learn more about available e-service providers and their fees, please visit their website**

*Note: Hard-copy pleadings are required to be filed with the Court in accordance with applicable provisions of the Code of Civil Procedure, California Rules of Court and local rules. You do not need to provide a courtesy copy of a served document to the specific department in which the matter has been assigned.*

## DISCOVERY FACILITATOR PROGRAM

Effective January 1, 2008, the Sonoma County Superior Court promulgated Sonoma County Local Rule 4.14 which established the Discovery Facilitator Program. Participation in the Discovery Facilitator Program shall be deemed to satisfy a party's obligation to meet and confer under Sonoma County Local Rule 5.5 and applicable provisions of the Code of Civil Procedure and California Rules of Court. This program has been providing assistance in resolving discovery disputes and reducing the backlog of matters on the law and motion calendars in our civil law departments. The Sonoma County Superior Court encourages all attorneys and parties to utilize the Discovery Facilitator Program in order to help resolve or reduce the issues in dispute whether or not a discovery motion is filed.

There is a link to Local Rule 4.14 and the list of discovery facilitator volunteers on the official website of the Sonoma County Superior Court at http://www.sonoma.courts.ca.gov. On the home page, under the "AVAILABLE PROGRAMS & HELP" section, click on »Discovery Facilitator Program. You can then click on either "Local Rule 4.14" to obtain the language of the local rule, or "List of Facilitators" for a list of the volunteer discovery facilitators and accompanying contact and biographical information.

**Pursuant to Local Rule 5.1.C:**

The moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of any motion filed. The responding party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all opposition papers. Finally, the moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all reply papers.

**Pursuant to Local Rule 5.1.C.1:**

If any matter scheduled on the law and motion calendar is resolved, dismissed, settled or becomes moot for any reason, the moving party shall immediately notify the judicial assistant for the Assigned Judge if the motion is to be dropped from the law and motion calendar. Said notification may be made by telephone, followed by a letter of confirmation.



# Superior Court of California
# County of Sonoma

Bradford J. DeMeo
Presiding Judge

ACCESS, SERVICE, JUSTICE

Arlene D. Junior
Court Executive Officer

## NOTICE OF NONAVAILABILITY OF COURT REPORTERS
### Monday, November 15, 2021

**Temporary Policy Regarding Non-Availability of Official Court Reporting Services in Civil Departments Sonoma Superior Court.** Pursuant to California Rule of Court 2.956 (b)(1), and effective immediately, the Superior Court of California, County of Sonoma, will post the Departments in which the services of Official Court Reporters will not normally be available during regular Court hours. A notice shall be posted on the outside of each affected Department and in the Clerk's Office, Room 107, Empire Annex, and Civil and Family Courthouse. The Court's Official Court Reporters are "not available" within the meaning of California Rules of Court, Rule 2.956, for court reporting of civil cases. As provided in Rule 2.956(e)(1), the term "civil cases" includes all matters other than criminal and juvenile matters. This nonavailability extends to all civil cases hearings or proceedings of any kind or nature, including but not limited to law and motion hearings, ex parte applications, long-cause hearings, and trials. Effective November 16, 2021, the departments which normally hear civil cases are Departments 16, 17, 18, 19 and 23 for LPS matters and guardianship matters. As provided in Rule 2.956(c), parties may arrange for the presence of a certified shorthand reporter to serve as an official pro tempore reporter. It is the party's responsibility to pay the reporter's fee for attendance at the proceedings, but the expense may be recoverable as part of the costs, as provided by law. If a party arranges and pays for the attendance of the certified shorthand reporter, none of the parties will be charged the reporter's attendance fee provided for in Government Code section 68086, subdivisions (a)(1) or (b)(1). The stenographic notes of the certified shorthand reporter are the official records of the court and shall be secured by the court in either paper and/or electronic format in accordance with Government Code section 69955(a), (b), (c) and (d). In all cases, the plaintiff shall serve "Notice of "Non-Availability of Official Court Reporting Services in Civil Departments" ("Notice") with the complaint. Likewise, the cross-complainant must serve the Notice on any new parties to the action. The service information must be included on the Proof of Service of Summons. In addition, parties that file motions must serve the Notice on all parties in the case. The service information must be included on the Proof of Services by Mail. **(Eff. 11/16/2021)**

**Hall of Justice**
600 Administration Drive
Santa Rosa, CA 95403

**Empire College Annex**
3035 Cleveland Avenue
Santa Rosa, CA 95403

**Civil and Family Law Courthouse**
3055 Cleveland Avenue
Santa Rosa, CA 95403

**Juvenile Justice Center**
7425 Rancho Los Guilicos Road
Santa Rosa, CA 95409

EXHIBIT B

 **CT Corporation**

**Service of Process Transmittal**
01/10/2022
CT Log Number 540858322

**TO:**     Susie Koral
Indian Head Industries, Inc.
6200 Harris Technology Blvd
Charlotte, NC 28269-3732

**RE:**     **Process Served in California**

**FOR:**    INDIAN HEAD INDUSTRIES, INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: PATRICK RICHARDSON, on behalf of himself and all "aggrieved employees" pursuant to Labor Code ? 2698 et seq. // To: INDIAN HEAD INDUSTRIES, INC. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # SCV269965 |
| **NATURE OF ACTION:** | Code Violation / Code Enforcement |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/10/2022 at 02:48 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT will retain the current log<br><br>Image SOP<br><br>Email Notification,  Susie Koral  skoral@indianheadindustries.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br><br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Mon, Jan 10, 2022

**Server Name:**             Jimmy Lizama

| Entity Served | INDIAN HEAD INDUSTRIES, INC. |
|---------------|------------------------------|
| Case Number   | SCV-269965                   |
| Jurisdiction  | CA                           |



 CT Corporation

**Service of Process Transmittal**
01/11/2022
CT Log Number 540864688

TO:    Susie Koral
       Indian Head Industries, Inc.
       6200 Harris Technology Blvd
       Charlotte, NC 28269-3732

RE:    **Process Served in California**

FOR:   INDIAN HEAD INDUSTRIES, INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: PATRICK RICHARDSON, on behalf of himself and all "aggrieved employees" pursuant to Labor Code ? 2698 et seq. // To: INDIAN HEAD INDUSTRIES, INC. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # SCV269965 |
| **NATURE OF ACTION:** | Code Violation / Code Enforcement |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/11/2022 at 01:04 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Susie Koral  skoral@indianheadindustries.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203 |
| | 866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 **CT Corporation**

**Service of Process Transmittal**
01/11/2022
CT Log Number 540864688

**TO:**   Susie Koral
Indian Head Industries, Inc.
6200 Harris Technology Blvd
Charlotte, NC 28269-3732

**RE:**   **Process Served in California**

**FOR:**   INDIAN HEAD INDUSTRIES, INC.  (Domestic State: DE)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| -- | By Process Server on 01/10/2022 at 02:48 | Susie Koral<br>Indian Head Industries, Inc. | 540858322 |


Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**              Tue, Jan 11, 2022

**Server Name:**       Jimmy Lizama

| | |
|---|---|
| Entity Served | INDIAN HEAD INDUSTRIES, INC. |
| Case Number | SCV-269965 |
| Jurisdiction | CA |



EXHBIT C

THEODORA R. LEE, Bar No. 129892
tlee@littler.com
DOMINIQUE N. THOMAS, Bar No. 231464
dnthomas@littler.com
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, California  94597
Telephone:    925.932.2468
Fax No.:    925.946.9809

Attorneys for Defendant
INDIAN HEAD INDUSTRIES, INC.
d/b/a MGM BRAKES

**ELECTRONICALLY FILED**
**Superior Court of California**
**County of Sonoma**
**2/7/2022 3:08 PM**
**Arlene D. Junior, Clerk of the Court**
**By: Griselda Zavala, Deputy Clerk**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SONOMA

PATRICK RICHARDSON, on behalf of himself and all "aggrieved employees" pursuant to Labor Code § 2698 *et seq.*,

            Plaintiff,

    v.

INDIAN HEAD INDUSTRIES, INC., a Delaware corporation, d/b/a MGM BRAKES,

            Defendant.

Case No.  SCV-269965

ASSIGNED FOR ALL PURPOSES TO JUDGE JENNIFER V. DOLLARD, DEPT. 18

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Complaint filed:  1/6/2022

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant INDIAN HEAD INDUSTRIES, INC. d/b/a MGM BRAKES ("Defendant"), for itself and no others, hereby answers Plaintiff PATRICK RICHARDSON'S ("Plaintiff's") Unverified Complaint ("Complaint") as follows:

## GENERAL DENIAL

Pursuant to the provisions of Code of Civil Procedure section 431.30, Defendant generally denies each and every allegation contained in Plaintiff's Complaint, and further denies that Plaintiff or other alleged class members are entitled to penalties, equitable or injunctive relief, compensatory damages, restitution, attorneys' fees, prejudgment interest, costs of suit, or any other relief of any kind whatsoever.

## AFFIRMATIVE DEFENSES

Defendant further asserts the following affirmative defenses. By asserting these defenses, Defendant does not concede that it has the burden of production or proof as to any affirmative defense asserted below. Moreover, Defendant does not presently know all the facts concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time. Accordingly, Defendant will seek leave to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State A Claim)

1.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every alleged cause of action therein, fails to state a claim sufficient to constitute a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every alleged cause of action therein barred, in whole or in part, by the applicable statute(s) of limitation, including without limitation, California Labor Code sections 203(b) and 2699.3, California Code of Civil Procedure sections 338, 340 and 343, and California Business and Professions Code section 17208.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

2

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

**THIRD AFFIRMATIVE DEFENSE**

**(Jurisdiction)**

3.    As a separate and distinct affirmative defense to the Complaint and each purported cause of action therein, Defendant alleges that the Superior Court lacks jurisdiction over all of Plaintiff's claims to the extent that this case is within the original jurisdiction of the federal courts based upon federal question jurisdiction.

**FOURTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

4.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred by the doctrine of accord and satisfaction, to the extent that some, or all, of the purported aggrieved employees Plaintiff seeks to represent have received, or will receive, compensation for any outstanding wages, penalties, and/or damages purportedly due.

**FIFTH AFFIRMATIVE DEFENSE**

**(Waiver)**

5.    As a separate and distinct affirmative defense, Defendant alleges, based upon the belief that further investigation and discovery will reveal facts supporting such defense, that Plaintiff's claims are barred in whole or in part by the equitable doctrine of waiver.

**SIXTH AFFIRMATIVE DEFENSE**

**(Consent)**

6.    As a separate and distinct affirmative defense to the Complaint, Defendant alleges, based upon the belief that further investigation and discovery will reveal facts supporting such defense, that Plaintiff's claims are barred in whole or in part by the equitable doctrine of consent.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

7.    As a separate and distinct affirmative defense to the Complaint, Defendant alleges, based upon the belief that further investigation and discovery will reveal evidence supporting such defense, that Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

8.     As a separate and distinct affirmative defense to the Complaint, Defendant alleges, based upon the belief that further investigation and discovery will reveal facts supporting such defense, that Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

9.     As a separate and distinct affirmative defense to the Complaint, Defendant alleges, based upon the belief that further investigation and discovery will reveal facts supporting such defense, that Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Internal Remedies)

10.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every alleged cause of action therein, is barred, in whole or in part, by Plaintiff's failure to exhaust appropriate internal remedies.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Representative Action – Lack of Manageability)

11.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every alleged cause of action therein, cannot proceed as a purported representative action because of difficulties likely to be encountered that render the action unmanageable.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Multiple Recoveries)

12.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and/or the allegedly similarly situated aggrieved employees Plaintiff seeks to represent are not entitled to multiple recoveries of civil penalties or unpaid wages for the same underlying alleged violations.

///

///

///

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

4

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(PAGA — Civil Penalties Limited to Initial Violation)**

13.    As a separate and distinct affirmative defense, Defendant alleges that, even assuming Defendant violated the California Labor Code, which Defendant denies, such violations were "initial" violations as defined under the PAGA, thereby precluding Plaintiff and/or the allegedly similarly situated aggrieved employees from recovering penalties for "subsequent" violations.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Less Than Maximum Award Required)**

14.    As a separate and distinct affirmative defense, Defendant alleges, without conceding that any penalties are due, that awarding the maximum amount of penalties under the PAGA would be "unjust, arbitrary, and oppressive or confiscatory" and thus improper.  *See* CAL. LABOR CODE § 2699(e)(2).

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Duplicative Penalties – Violation of Due Process)**

15.    As a separate and distinct affirmative defense, Defendant alleges that that the imposition of replicating individual penalties would deprive Defendant of its constitutional rights to due process under the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of the State of California.  *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *People ex. rel. Lockyer v. R.J. Reynolds*, 37 Cal. 4th 707 (2005).

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Incidental Activities)**

16.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every alleged cause of action therein, are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff and any alleged aggrieved employee were engaged in activities which were preliminary, postliminary, or incidental to their principal activities.

///

///

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

5

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Knowledge of Work)

17.     As a separate and distinct defense, Defendant alleges that if Plaintiff or any alleged aggrieved employee "worked" hours for which compensation was not paid, Defendant had no knowledge, or reason to know, of such "work," such "work" was not suffered or permitted by Defendant, and such "work" was undertaken without the consent or permission of Defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Labor Code §§ 201- 203 – Payment Of All Wages)

18.     As a separate and distinct affirmative defense, Defendant alleges that it paid all wages due and owing at the time of Plaintiff's or any alleged aggrieved employee's separation from Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Labor Code §§ 201- 204 – Good Faith)

19.     As a separate and distinct affirmative defense, Defendant alleges that to the extent that Plaintiff or any alleged aggrieved employee was not paid all wages at the time of separation from Defendant, there is a good faith dispute as to any amount they claim were owed to them at the time of separation.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Labor Code § 226(E) – No Injury)

20.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and/or the alleged aggrieved employees are not entitled to recover any damages or penalties because, pursuant to California Labor Code section 226(e), they did not suffer any injuries as a result of any alleged violation of Labor Code section 226(a).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Labor Code § 226 – No Knowing and Intentional Failure)

21.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and/or the allegedly similarly situated aggrieved employees Plaintiff seeks to represent are not entitled to any penalties pursuant to California Labor Code section 226 because Defendant did not knowingly and

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

6

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

intentionally fail to comply with California Labor Code section 226.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Res Judicata And Collateral Estoppel)

22.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every cause of action therein, is barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel, to the extent that Plaintiff and/or the alleged aggrieved employees, or other putative beneficiaries of this action have asserted in prior legal or administrative proceedings, either as an individual or member of a class, that he or she was entitled to penalties or damages, and did not prevail on such claim.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Compromise and Release)

23.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every cause of action therein, is barred, in whole or in part, to the extent Plaintiff and/or the alleged aggrieved employees knowingly and voluntarily settled, compromised, and released claims alleged in this lawsuit.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Offset)

24.    As a separate and distinct affirmative defense, Defendant alleges that any recovery to which Plaintiff and/or the alleged aggrieved employees Plaintiff seeks to represent, might otherwise be entitled is subject to the doctrines of set-off, offset, and/or recoupment, and any such compensation must be setoff in an amount equal to the amount(s) recovered by and/or previously paid so as to prevent unjust enrichment.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Arbitration)

25.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's and/or the allegedly aggrieved employees' claims may be subject to binding arbitration of the claims, which cannot be brought on a collective or representative basis and/or that each purported cause of action

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

therein cannot be maintained because Plaintiff has failed to pursue the arbitration remedies by filing the instant action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Basis for Attorneys' Fees and Costs)

26.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff failed to state facts sufficient to constitute a claim for which attorneys' fees and costs may be awarded.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Injury Resulted from Act or Omission of Others)

27.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint cannot be maintained against Defendant because any alleged losses or harms sustained by Plaintiff and/or any allegedly similarly situated aggrieved employees Plaintiff seeks to represent, if any (which Defendant denies), resulted from causes other than any act or omission, if any, by Defendant.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

28.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every cause of action therein, is barred by the doctrine of avoidable consequences because Plaintiff and/or the alleged aggrieved employees unreasonably failed to use the preventative and corrective opportunities provided to them, and the reasonable use of those procedures would have prevented at least some, if not all, of the harm allegedly suffered.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Plaintiff's Own Acts)

29.    If Plaintiff and/or the alleged aggrieved employees he seeks to represent have suffered any harm/damages (which is expressly denied), said harm/damages were proximately caused by their own acts.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Independent Judgment)

30.    As a separate and distinct affirmative defense, Defendant alleges that any purported

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

8

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

failure of Plaintiff and/or the alleged aggrieved employees Plaintiff seeks to represent, to work on the clock was the result of their exercise of discretion, independent judgment, and self-determination.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Plaintiff's Breach of Duties)**

31.     As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff and/or some or all, of the alleged aggrieved employees are barred by their own breach of the duties owed to Defendant pursuant to the California Labor Code, including but not limited to California Labor Code sections 2853 to 2859.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Substantial Compliance)**

32.     As a separate and distinct affirmative defense, Defendant alleges that, even assuming, arguendo, Defendant failed to comply with any provision of the Labor Code, Defendant substantially complied with the Labor Code, thus rendering an award of civil penalties inappropriate under the circumstances. For the same reason, should the Court find a violation of the Labor Code occurred, and such violation gives rise to potential penalties, the Court must exercise its discretion and significantly discount or eliminate any potential penalties owed by Defendant due to Defendant's good faith efforts to comply with the Labor Code and/or substantial compliance with the Labor Code.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Injuries Not Proximately Caused by Unlawful Policy)**

33.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint is barred to the extent that the alleged injuries of Plaintiff and/or the alleged aggrieved employees Plaintiff seeks to represent were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendant. During the relevant time period, Defendant maintained legally-compliant policies which included, but were not limited to, policies regarding overtime, workweek schedules, and reporting time pay. These policies were generally distributed to employees, including Plaintiff. Employees generally acknowledged receipt of these policies.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

9

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Wage Orders – Violation of Due Process)

34.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred because the applicable wage orders of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendant's rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Bona Fide Dispute)

35.    As a separate and distinct affirmative defense, Defendant alleges that the penalties in Plaintiff's Complaint are barred, or any penalties awarded must be minimized, because (1) there are bona fide disputes as to whether further compensation is due to Plaintiff and/or the alleged aggrieved employees on whose behalf he seeks to collect wages and/or civil penalties, and, if so, as to the amount of such further compensation (2) Defendant has not willfully failed to pay such additional compensation, if any is owed, and (3) to impose penalties would be inequitable and unjust.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Conduct Not Knowing or Willful)

36.    As a separate and distinct affirmative defense, Defendant alleges that, even if Plaintiff and/or the alleged aggrieved employees Plaintiff seeks to represent are entitled to any additional compensation, which Defendant denies, Defendant has not willfully or intentionally failed to pay any such additional compensation to justify an award of penalties or fees, whether under California Labor Code section 203 or otherwise.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute)

37.    As a separate and distinct affirmative defense, Defendant alleges that any violation of the California Labor Code or an Order of the Industrial Welfare Commission was an act or omission made in good faith and Defendant had reasonable grounds for believing that its practices complied with applicable laws and that any such act or omission was not a violation of the California Labor

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

10

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Code or any Order of the Industrial Welfare Commission such that Plaintiff, and the alleged aggrieved employees Plaintiff seeks to represent, are not entitled to any penalties.

<u><b>THIRTY-EIGHTH AFFIRMATIVE DEFENSE</b></u>

<b>(No Injury)</b>

38.    As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's Complaint, and each and every cause of action alleged therein, is barred because Plaintiff and the alleged aggrieved employees Plaintiff seeks to represent have not suffered any injury from any alleged act or failure by Defendant.

<u><b>THIRTY-NINTH AFFIRMATIVE DEFENSE</b></u>

<b>(No Standing)</b>

39.    As a separate and distinct defense to the Complaint, Defendant is informed and believes that the Complaint, and each cause of action set forth therein, is barred because the named Plaintiff lacks standing as a representative.

<u><b>FORTIETH AFFIRMATIVE DEFENSE</b></u>

<b>(PAGA-Equal Protection)</b>

40.    As a separate and distinct other defense, Defendant alleges that any claims based on the PAGA are barred, in whole or in part, because the prosecution of this matter as a representative action under PAGA, and/or an award of penalties pursuant to the PAGA, would violate the Equal Protection Clause of the United States and California Constitutions, as it arbitrarily and unjustly exempts some employers to the exclusion of others.  *See* Cal. Labor Code § 2699.6.

<u><b>FORTY-FIRST AFFIRMATIVE DEFENSE</b></u>

<b>(Failure to Exhaust Administrative Remedies)</b>

41.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint is barred in whole or in part to the extent that Plaintiff has failed to properly exhaust all of the contractual, administrative and/or statutorily required remedies prior to filing suit, including his failure to timely exhaust the notice and other administrative requirements set out in the California Private Attorneys General Act, Labor Code § 2698, *et seq*.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

11

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Insufficient Notice To LWDA)

42.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff failed to provide the LWDA sufficient notice of his claims, the names of the "aggrieved employees" on whose behalf he intends to seek penalties, and/or the facts underlying his claims to permit the LWDA to make a reasoned determination regarding whether to investigate, and thus Plaintiff's notice was deficient and the Court lacks jurisdiction over his claims under the PAGA.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (PAGA-Claims Exceed Scope Of Notice)

43.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because, assuming *arguendo* that Plaintiff did attempt to exhaust his administrative remedies with the LWDA, the causes of action asserted in the Complaint exceed the scope of any potential charges filed with the LWDA.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (No Aggrieved Employee)

44.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's PAGA claim is barred because Plaintiff and/or the allegedly similarly situated aggrieved employees lack standing to sue pursuant to the PAGA, as none of them are "aggrieved" within the meaning of the PAGA.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Waiting Time Penalties)

45.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every alleged cause of action therein, or some of them, cannot be maintained against Defendant because Plaintiff and some, or all, of the allegedly similarly situated aggrieved employees Plaintiff seeks to represent refused payment fully tendered to him or her by Defendant, thereby relieving Defendant of liability for waiting time penalties under the Labor Code, including but not limited to section 203.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

12

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

2

**(Failure to Perform Necessary Conditions)**

3      46.      As a separate and distinct affirmative defense, Defendant alleges Plaintiff's Complaint,

4   and each purported cause of action alleged therein, is barred because Plaintiff and/or the allegedly

5   similarly situated aggrieved employees Plaintiff seeks to represent failed to perform the necessary

6   conditions to give rise to an obligation by Defendant to pay any of the claimed wages.

7

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

8

**(Full Performance)**

9      47.      As a separate and distinct affirmative defense, Defendant alleges the Complaint and

10   each cause of action therein, or some of them, cannot be maintained because, without admitting the

11   existence of any duties or obligations as alleged in the Complaint, Defendant has fully performed,

12   satisfied, or discharged any obligations allegedly owed to Plaintiff and the allegedly similarly situated

13   aggrieved employees Plaintiff seeks to represent.

14

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

15

**(Waiting Time Penalties – Avoided Payment)**

16      48.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint,

17   and each and every alleged cause of action therein, or some of them, are barred because Plaintiff and/or

18   some, or all, of the purportedly aggrieved employees Plaintiff seeks to represent secreted or absented

19   themselves to avoid payment of wages, thereby relieving Defendant of liability for waiting time

20   penalties under the Labor Code, including, but not limited to section 203.

21

**FORTY-NINTH AFFIRMATIVE DEFENSE**

22

**(CAL. LAB. CODE § 204 — No Additional Substantive Right to Wages)**

23      49.      As a separate and distinct affirmative defense, Defendant alleges that civil penalties

24   pursuant to California Labor Code section 210 are barred because section 204 governs only the timing

25   of the payment of wages and does not create an additional substantive right to wages themselves.

26

**FIFTIETH AFFIRMATIVE DEFENSE**

27

**(Excessive Fines)**

28      50.      As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

13

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

are barred, in whole or in part, because such claims violate the Eighth and Fourteenth Amendments of the United States Constitution and Article 1, §§ 7 and 8 of the California Constitution, including the prohibition against excessive fines and punishment.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

### (PAGA – Unconstitutionally Violative of Separation Of Powers)

51.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint under PAGA is unconstitutional on the basis that it violates the separation of powers doctrine by empowering private attorneys to prosecute public claims, thereby impairing the judiciary's inherent power to regulate attorney conduct.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

### (No PAGA Determination on A Class-Wide or Group Basis)

52.     As a separate and distinct affirmative defense, Defendant alleges that this PAGA claim is barred because penalties under PAGA cannot be determined on a class-wide or group basis.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

### (PAGA Unconstitutionally Vague)

53.     As a separate and distinct affirmative defense, Defendant alleges the Complaint is barred because PAGA is unconstitutionally vague and overbroad as applied to the facts and circumstances of this case, and Plaintiff's Complaint is barred because the prosecution of this action by Plaintiff as a representative of other "aggrieved employees" would constitute a denial of Defendant's due process rights, both procedural and substantive, in violation of the Fourteenth Amendment of the United States Constitution and the Constitution and laws of the State of California. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *People ex rel Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707 (2005).

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

### (PAGA Violates Equal Protection)

54.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint is barred, in whole or in part, because PAGA, both in general and as applied to this case, violates the Equal Protection Clause of the United States and California Constitutions.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

14

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

### (Exempt)

55.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and/or the allegedly similarly situated aggrieved employees Plaintiff seeks to represent are not entitled to penalties or unpaid wages as a result of any alleged non-payment of overtime wages to the extent that at least some of them were exempt under the administrative, executive, and/or managerial exemptions arising under the California Labor Code, including California Labor Code §§ 226.7(e), 515, applicable Wage Orders, and applicable regulations, considering appropriate tacking of exemptions.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

### (Pre-Judgment Interest Uncertain)

56.    As a separate and distinct affirmative defense, Defendant alleges, without conceding that any penalties are due, that Plaintiff and the allegedly similarly situated aggrieved employees Plaintiff seeks to represent are not entitled to prejudgment interest because their claims do not qualify for such interest as the penalties claimed are not sufficiently certain to allow an award of prejudgment interest.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

### (Maintenance of Action Is Frivolous, Vexatious, And Unreasonable)

57.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, and was filed in bad faith, thereby entitling Defendant to recovery of its reasonable attorneys' fees and costs pursuant to California law including, but not limited to California Labor Code section 218.5.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

### (Outside Course and Scope of Employment)

58.    As a separate and distinct affirmative defense, Defendant alleges that claims in the Complaint cannot be maintained against Defendant, because, if alleged employees of Defendant (including Plaintiffs) took the actions alleged, such actions were committed outside the course and scope of such employees' employment, were not authorized, adopted, or ratified by Defendant and Defendant did not know of nor should have known of such conduct.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

15

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1

### FIFTY-NINTH AFFIRMATIVE DEFENSE

2

### (Labor Management Relations Act Preemption)

3      59.      As a separate and affirmative defense, Defendant alleges that Plaintiff and the alleged

4  "aggrieved employees" claims are preempted by the Labor Management Relations Act, and Plaintiff

5  failed to exhaust collective bargaining grievance and arbitration procedures

6

### ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES

7      Defendant presently has insufficient knowledge or information upon which to form a belief as

8  to whether there may be additional, as yet unstated, defenses and reserves the right to assert additional

9  defenses or affirmative defenses in the event discovery indicates such defenses are appropriate.

10

11

### PRAYER FOR RELIEF

12      WHEREFORE, Defendant prays for judgment from the Court that:

13      1.      Plaintiff takes nothing by this action;

14      2.      The Complaint be dismissed in its entirety with prejudice;

15      3.      Defendant be awarded its costs of suit incurred herein;

16      4.      Defendant be awarded its attorneys' fees and costs of suit herein to the extent permitted

17  under applicable law; and

18      5.      Defendant be awarded such other and further relief as the Court deems just and proper.

19

20

21  Dated: February 7, 2022

22                                  LITTLER MENDELSON, P.C.

23                                  _Dominique Thomas_

24                                  _____
                                    THEODORA R. LEE
25                                  DOMINIQUE N. THOMAS

26                                  Attorneys for Defendant
                                    INDIAN HEAD INDUSTRIES, INC.
27                                  d/b/a MGM BRAKES

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

16

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**

  I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Treat Towers, 1255 Treat Boulevard, Suite 600, Walnut Creek, California 94597. On February 7, 2022, I served the within document(s):

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

☐ by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 925.946.9809. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☐ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Walnut Creek, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is gcamacho@littler.com.

Daniel F. Gaines, Esq.
daniel@gaineslawfirm.com
Alex P. Katofsky, Esq.
alex@gaineslawfirm.com
Evan S. Gaines, Esq
evan@gaineslawfirm.com
GAINES & GAINES, APLC
27200 Agoura Rd., Suite 101
Calabasas, CA 91301

  I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

17

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1    would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited

2    in an overnight delivery service pick-up box or office on the same day with postage or fees thereon

3    fully prepaid in the ordinary course of business.

4                I declare that I am employed in the office of a member of the bar of this court at whose

5    direction the service was made.  Executed on February 7, 2022, at Walnut Creek, California.

6

7

8                                                        Gina R. Camacho

9

10    4894-0053-0953.1 / 114351-1001

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

18

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT